Date signed January 17, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| DARRELL H. FRALICK | : | Case No. 04-37405PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| JOHN HASENBERG | : | |
| KIMBERLY HASENBERG | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 05-1237PM |
| | : | |
| DARRELL H. FRALICK | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This case came before the court on the Complaint of John Hasenberg and Kimberly Hasenberg to determine the dischargeability of a judgment entered in the Superior Court of the District of Columbia against the Debtor, Darrell H. Fralick. That action dealt with the unsatisfactory performance of a home improvement contract and the Debtor's failure to have a home improvement contractor license as required under District of Columbia law. Debtor did not appear at trial. He then filed a timely motion for a new trial, based upon his unavailability for trial because of his engagement with the Federal Emergency Management Agency to do reconstruction work for individuals devastated by Hurricane Katrina and other disasters. The motion for a new trial was denied.

The court heard the evidence and found as a fact that the Debtor had knowingly and deliberately misstated his status as a licensed home improvement contractor and otherwise

defrauded the Plaintiffs.  The court found that the Plaintiffs would never have entered into a remodeling contract with him had they been advised of his true status as an unlicensed contractor.  The court likewise found that Plaintiffs incurred damage that was attributable to Debtor's fraudulent conduct.  Based upon these factual findings, at the conclusion of the trial, the court found that the Plaintiffs had met their burden under § 523(a)(2)(A).  That section provides as follows:

> **11 U.S.C. § 523.  Exceptions to discharge**
>
> (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> \*         \*         \*         \*         \*
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

The court further tentatively fixed damages at $39,817.40 and requested counsel for the Plaintiffs to submit a memorandum supporting the claim for attorneys' fees.

The court agrees with counsel for the Plaintiffs that the rule of decision in this case is governed by the case of *Cohen v. De La Cruz*, 523 U.S. 213 (1998).  In discussing the scope of § 523(a)(2)(A), the Court stated:

> We . . . "will not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure," *Davenport*, 495 U.S., at 563, 110 S.Ct., at 2133, and the change to the language of § 523(a)(2)(A) in 1984 in no ways signals an intention to narrow the established scope of the fraud exception along the lines suggested by petitioner.  If, as petitioner contends, Congress wished to limit the exception to that portion of the debtor's liability representing a restitutionary--as opposed to a compensatory or punitive--recovery for fraud, one would expect Congress to have made unmistakably clear its intent to distinguish among theories of recovery in this manner.  *See, e.g.*, § 523(a)(7) (barring discharge of debts "for a fine, penalty, or forfeiture payable to . . . a governmental unit," but only if the debt "is not compensation for actual pecuniary loss").
>
> The conclusion that § 523(a)(2)(A) bars the discharge of all liability arising from fraud is further borne out by the implications of petitioner's alternative construction.  The various exceptions to discharge in § 523(a) reflect a conclusion on the part of Congress "that the creditors' interest in recovering full

> payment of debts in these categories outweigh[s] the debtors' interest in a complete fresh start." *Grogan*, 498 U.S., at 287, 111 S.Ct., at 659-660. But if, as petitioner would have it, the fraud exception only barred discharge of the value of any money, property, etc., fraudulently obtained by the debtor, the objective of ensuring full recovery by the creditor would be ill served. Limiting the exception to the value of the money or property fraudulently obtained by the debtor could prevent even a compensatory recovery for losses occasioned by fraud.

*Id*. at 221-222. The court therefore amends its earlier finding in the nature of limiting Plaintiffs' recovery to restitution and substitutes the compensatory or punitive award computed by the Supreme Court, which award includes $15,809.99 in attorneys' fees. However, the court will not allow additional attorneys' fees for bringing this action pursuant to § 523(a)(2) of the Bankruptcy Code.

An appropriate order will be entered.

cc:
Alan S. Kerxton, Esq., 25 West Middle Lane, Rockville, MD 20850
Darrell H. Fralick, 11407 Kenton Place, Silver Spring, MD 20902
Jeffrey M. Orenstein, Esq., 15245 Shady Grove Road, Suite 465, Rockville, MD 20850

**End of Memorandum**